**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                                                                          **PLAINTIFF**

v.                                      Case No.  5:24-CR-50061-004

**MARQUESHA YOUNG**                                                                                                          **DEFENDANT**

**AMENDED PRETRIAL SCHEDULING ORDER**

**I.      TRIAL SETTING AND PRETRIAL CONFERENCE**

This case is set for trial on **May 12, 2025 at 9:00 a.m.** in Fayetteville, Arkansas, before the Honorable Timothy L. Brooks.  A pretrial conference shall be conducted on **May 9, 2025 at 9:00 a.m**. in Fayetteville, Arkansas.

**II.     PRETRIAL DISCOVERY AND INSPECTION**

  **A.      Requests for Discovery**

As the obligation for reciprocal discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure arises only after a request for discovery has been made by the Defendant, the discovery obligations of the Government as set forth in this order will take effect only upon the Defendant requesting discovery either by **making a request on the record at arraignment**, which will be reflected in the Court's minutes, or by **filing a Notice of Request for Discovery within five (5) days[1] of the date of arraignment**.

  **B.      Government's Disclosures**

Within **seven (7) days** of the Defendant's request for discovery, the Government must disclose and provide copies to the Defendant's attorney of the specific materials

---

[1] All deadlines in this order are calculated as calendar days and not business days.

1

requested under Rule 16.  If the Defendant requests all Rule 16 disclosures, the Government must disclose and provide copies to the Defendant's attorney of the following materials as directed herein:

(1.1) the substance of any relevant oral statement made by the Defendant, before or after arrest, in response to interrogation by a person the Defendant knew was a Government agent if the Government intends to use the statement at trial, Fed. R. Crim. P. 16(a)(1)(A);

(1.2) any relevant written or recorded statement by the Defendant if: the statement is within the Government's possession, custody, or control; and the attorney for the Government knows—or through due diligence could know—that the statement exists, Fed. R. Crim. P. 16(a)(1)(B)(i);

(1.3) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the Defendant made the statement in response to interrogation by a person the Defendant knew was a Government agent, Fed. R. Crim. P. 16(a)(1)(B)(ii);

(1.4) the Defendant's recorded testimony before a grand jury relating to the charged offense, Fed. R. Crim. P. 16(a)(1)(B)(iii);

(1.5) the statement of any organizational Defendant in accordance with Fed. R. Crim. P. 16(a)(1)(C);

(1.6) a copy of the Defendant's prior criminal record that is within the Government's possession, custody, or control if the attorney for the Government knows—or through due diligence could know—that the record exists, Fed. R. Crim. P. 16(a)(1)(D);

(1.7) books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the Government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the Government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the Defendant, Fed. R. Crim. P. 16(a)(1)(E);

(1.8) the results or reports of any physical or mental examination and of any scientific test or experiment if: (i) the item is within the Government's possession, custody, or control; (ii) the attorney for the

    Government knows—or through due diligence could know—that the item exists; (iii) and the item is material to preparing the defense or the Government intends to use the item in its case-in-chief at trial, Fed. R. Crim. P. 16(a)(1)(F); and

(1.9)   the identity of any known witness the Government intends to call under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial, Fed. R. Crim. P. 16(a)(1)(G).

**An extension of the Government's disclosure deadline will only be granted for good cause shown.**

The following material must be disclosed as noted below. The Court encourages the early disclosure of the following material to avoid any unnecessary delay in the trial of this case.

(2.1)   The Government must provide reasonable notice of the general nature of any evidence of the Defendant's other crimes, wrongs, or acts that—although inadmissible to prove the Defendant's bad character—the Government believes to be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, concerning any instant charge, in accordance with Fed. R. Evid. 404(b).

(2.2)   *Jencks Act* material: Statements of witnesses the Government intends to call at trial must be disclosed by not later than immediately after the witness has testified on direct examination. 18 U.S.C. § 3500; *see also United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998).

(2.3)   *Giglio* material: Evidence of plea agreements or other promises made by the Government to a witness must be disclosed by not later than immediately prior to the testimony of the witness to whom such material relates. *Giglio v. United States*, 405 U.S. 150 (1972).

(2.4)   *Brady* materials: Pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), this Order serves to confirm the Government's disclosure obligations under *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations. The following details aspects of the

3

already existing obligations under Brady to aid in reducing the risk of violations; it does not establish any additional obligations beyond those already imposed under *Brady.*

The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. *Id.* at 87. "Evidence is material under Brady 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *United States v. Almendares*, 397 F.3d 653, 664 (8th Cir. 2005) (quoting *Kyles v. Whitley*, 514 U.S. 419, 433–34 (1995)). Such information includes, but is not limited to, any information that arguably bears on the credibility of anticipated government witnesses such as law enforcement officers, lay witnesses, expert witnesses, or confidential informants. *Kyles*, 514 U.S. at 433 (citing *United States v. Bagley*, 473 U.S. 667 (1985) as "disavow[ing] any difference between exculpatory and impeachment evidence for *Brady* purposes"). This obligation applies to all material information, regardless of whether the defendant requests this information. The Court encourages the Government to disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case. Failure to disclose exculpatory evidence in a timely manner—i.e., with sufficient time for the defense to make effective use of the information—may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future, including at the sentencing stage.

For purposes of this Order, the Government has an affirmative obligation to seek "any favorable evidence known to [ ] others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. at 437. This may include current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged. However, whether such participants constitute "part of the prosecution team"—and thereby trigger this duty—is a case-by-case determination.

> If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:
> (a)     specify the terms and conditions of such production;
> (b)     grant a continuance;
> (c)     impose evidentiary sanctions;
> (d)     impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;
> (e)     dismiss charges before trial or vacate a conviction after trial or a guilty plea; or
> (f)     enter any other order that is just under the circumstances.

### C.     Decision not to Disclose

In the event the Government believes that a disclosure under this Order would not be in the interests of justice or would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure. In that event, the Government must, by the disclosure deadline, make such declination in writing, directed to Defendant's counsel, and shall specify the types of disclosures that are declined. If the Defendant seeks to challenge the declination, Defendant should proceed pursuant to paragraph "G" below.

### D.     Defendant's Disclosures

To the extent the Government has provided Rule 16 disclosures, within five (5) days thereafter the Government may seek reciprocal disclosures from the Defendant by filing a written "Notice of Request for Discovery." The Defendant shall have five (5) days

from the date of receipt of the Notice within which to provide the Government copies of the following, to the extent the Government has provided such to the Defendant:

- (1.1) books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if: (i) the item is within the Defendant's possession, custody, or control; and (ii) the Defendant intends to use the item in the Defendant's case-in-chief at trial, Fed. R. Crim. P. 16(b)(1)(A); and

- (1.2) the results or reports of any physical or mental examination and of any scientific test or experiment if: (i) the item is within the Defendant's possession, custody, or control; and (ii) the Defendant intends to use the item in the Defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony, Fed. R. Crim. P. 16 (b)(1)(B).

**An extension of the Defendant's disclosure deadline will only be granted for good cause shown**.

The following material should be disclosed as noted below. The Court encourages the early disclosure of the following material in order to avoid any unnecessary delay in the trial of this case.

- (2.1) The Defendant must, at the Government's request, give to the government a written summary of any testimony that the Defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if: (i) the Defendant requests disclosure under subdivision (a)(1)(G) and the Government complies; or (ii) the Defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the Defendant's mental condition. Fed. R. Crim. P. 16(b)(1)(C). **Such disclosure should also be made within 5 days of the Government's notice of request for discovery if disclosure is mandated pursuant to subsection (i). If the Defendant gives notice under Rule 12.2(b), the Government does not need to make a separate request for disclosure if it has already filed a notice of request for disclosure that encompasses this subsection. Rather, in such case, the Defendant must provide the disclosures mandated under subsection (ii) at the time that notice is given under Rule 12.2(b).**

        Similarly, the Defendant will not be obligated to make a separate request for disclosure under Fed. R. Crim. P. 16(a)(1)(G) if he or she has already filed a notice of request for disclosure that encompasses that subsection. Rather, in such case, the Government must give the Defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of Defendant's mental condition **within 5 days of service of a proper Rule 12.2(b) notice**—with disclosures as outlined in the above paragraph—by the Defendant. The summary provided must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

(2.2)    After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, will order an attorney for the Government or the Defendant and the Defendant's attorney to produce, for the examination and use of the moving party, any statement, as defined by Rule 26.2(f), of the witness that is in their possession and that relates to the subject matter of the witness's testimony. Fed. R. Crim. P. 26.2(a). The parties should be prepared to provide such statements, upon motion, immediately after a witness testifies on direct examination.

    **E.**    **<u>Information not Subject to Disclosure</u>**

Except as provided in Federal Rule of Criminal Procedure 16(a)(1), the Government is not obligated to disclose reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500. Fed. R. Crim. P. 16(a)(2).

Except for scientific or medical reports, the Defendant is not obligated to disclose (A) reports, memoranda, or other documents made by the defendant, or the defendant's attorney or agent, during the case's investigation or defense; or (B) a statement made to the defendant, or the defendant's attorney or agent, by: (i) the defendant; (ii) a

7

government or defense witness; or (iii) a prospective government or defense witness. Fed. R. Crim. P. 16(b)(2).

The Government is directed to maintain the "field notes" of any Government agent made during the investigation of this case. These notes are not discoverable except on separate Order of the Court.

### F. Expert Disclosures

Upon notice filed by Defendant, the Government must provide the written summary about expert testimony required by Federal Rule of Criminal Procedure 16(a)(1)(G) sixty (60) days before trial. Upon notice filed by the Government, the Defendant must provide the written summary about expert testimony required by Rule 16(b)(1)(c) thirty (30) days before trial. These obligations do not attach to the first trial setting.

### G. Motions to Compel

In the event either party seeks discovery or inspection of material the other party has elected not to disclose, the requesting party may file a motion to compel disclosure. Such motion must be filed within ten (10) days after the receipt of the declination to disclose by the opposing party. **In order to be considered by the Court, any motion to compel disclosure must contain:**

    (1) a statement that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without intervention of the Court; and

    (2) the date of said conference.

In order to expedite the Court's consideration, the motion should make clear the specific discovery or inspection issue in dispute.

**The failure to file a timely motion to compel may result in the waiver of any objection to the declination to disclose**.

H.  **Continuing Duty to Disclose**

Any party's duty of disclosure and discovery set forth in this order is a continuing one.  Fed. R. Crim. P. 16(c).

I.  **Procedure for Issuing Subpoenas Duces Tecum**

Federal Rule of Criminal Procedure 17(c) permits a party to direct a witness to bring designated items with them to the hearing or trial for which they have been subpoenaed to appear.[2]  If it is necessary or desirable for a party to inspect the designated items prior to the hearing or trial, Rule 17(c) authorizes *the Court* to direct the subpoenaed witness to produce such items in advance.  The following procedure shall apply when a party seeks to inspect subpoenaed items *prior* to the witness's appearance at the hearing or trial:

(1)  The party seeking advance inspection of designated items must file an appropriate motion that explains why inspection of the items prior to the hearing or trial is necessary or desirable.  The party shall attach a proposed form of subpoena that identifies the witness and the designated items to be produced for prior inspection.

(2)  If appropriate, the Court will order the Clerk to issue a subpoena duces tecum directing the witness to provide the designated items to chambers by no later than a specified date.  The party seeking the subpoena retains responsibility for having it properly served.

(3)  Upon receipt of the items, the Court will notify *all* parties and allow them to view and inspect the items in chambers.  If the items are suitable for digital

---

[2] Rule 17(a) generally requires the Clerk of Court to issue subpoenas upon a party's request.  Witness subpoenas are typically issued "in blank"—meaning that the Clerk signs the subpoena and attaches the Court's seal, and the party fills in the blanks for the witness's name, and the date, time, and place of the hearing or trial.  A party must then serve the subpoena along with any applicable witness fees and expenses.  However, indigent defendants are *not* issued subpoenas in blank.  Rule 17(b) requires indigent defendants to obtain an ex parte order directing the Clerk to issue a subpoena to a specifically named witness.

reproduction, the Court will allow the parties to make a digital copy. However, the items provided to the Court (and any accompanying affidavits) shall be retained by the Court until a motion is made to receive the items in evidence during the hearing or trial.

(4) *Under no circumstances* may the Government or a defendant (whether indigent or not) "fill in" a subpoena that was issued by the Clerk in blank that purports to require the witness to provide subpoenaed items directly to a party or counsel in *advance* of the hearing or trial.

### III. OTHER DEFENSES, OBJECTIONS AND REQUESTS

Pursuant to Federal Rule of Criminal Procedure 12(c), the Court requires that any defense, objection or request capable of determination without trial of the general issue[3] must be raised by written motion filed not later than fourteen (14) days prior to the trial date set by the Court. Any response to such a motion must be filed within seven (7) days after service of the motion. These time limits shall not apply, however, in the event the Government has not provided discovery to the Defendant.

### IV. MOTIONS IN LIMINE, WITNESSES, AND EVIDENCE

If the parties desire rulings on motions in limine prior to trial, such motions should be filed by May 1, 2025. Responses to such motions should be filed by May 5, 2025. If any motion in limine has not been ruled on by the date of the pretrial conference, counsel should be prepared to present oral argument on the motion at that time.

The Government is directed to provide the Court and Defendant copies of its witness and exhibit lists by no later than the close of business May 8, 2025. The Court

---

[3] Those matters include, but are not limited to, those listed in Fed. R. Crim. P. 12(b)(3): (1) defects in the institution of the prosecution, (2) defects in the indictment, (3) suppression of evidence, and (4) severance under Fed. R. Crim. P. 14. Also included, without limitation, are (5) selective or vindictive prosecution, (6) outrageous Governmental misconduct, (7) misjoinder, (8) pre-indictment delay, (9) speedy trial, (10) prejudicial publicity, (11) lack of personal jurisdiction, (12) *Posse Comitatus* Act [18 U.S.C. 1385], (13) recantation as a defense to perjury, (14) limitations, (15) double jeopardy, (16) multiple sentencing, and (17) immunity.

asks that the Government's proposed exhibits be provided to Chambers in a notebook (indexed and tabbed).

V.     **JURY INSTRUCTIONS**

To the extent possible, the parties should confer regarding the proposed instructions in an attempt to narrow areas of disagreement and should submit an AGREED set of instructions (clearly marked "AGREED") to the Court on or before May 5, 2025.  Standard instructions should be used whenever possible from the Eighth Circuit or Federal Jury Practice and Instructions (5th Edition), as applicable, and should note the source and/or basis of the instruction at the end of each instruction.  Proposed verdict forms should be submitted as well.  If the parties cannot agree to a particular instruction(s), the party requesting a disputed instruction must submit it to the Court and to opposing counsel by the same date.  Such instructions should be clearly marked as "[Government's/Defendant's] DISPUTED Instruction No. ____."  The legal basis for the instruction and brief description of the parties' disagreement shall be provided with the disputed instruction (either in the space below the instruction or attached on a separate page).  Agreed and disputed instructions/verdict forms should be submitted electronically in WordPerfect (***preferred***) or Word format to tlbinfo@arwd.uscourts.gov.

Each party must submit to the Court by that same date a concise statement of the case, no more than one page in length, that it proposes would be proper to read to the panel of venire persons during voir dire.

## VI. CHANGE OF PLEA

In the event of a decision to enter a plea of guilty, the Court and counsel opposite must be advised in writing or by e-mail no later than ten (10) days prior to trial. A copy of the signed plea agreement must be submitted to the court no later than seven (7) days prior to trial at tlbinfo@arwd.uscourts.gov. **Any notice of pleas received less than ten (10) days prior to trial will result in an "open" plea** (*i.e.* the defendant will be pleading guilty without the benefit of a plea agreement), unless the Court, for good cause shown, grants an exception. Exceptions must be requested in writing at least ten (10) days prior to trial. A case will not be removed from the trial docket until a signed plea agreement has been received and a date and time have been set for the defendant to enter a plea of guilty.

## VII. CHANGE OF PLEA HEARING DATE

PLEASE BE ADVISED, that upon receipt of a signed plea agreement, this case will be set for a Change of Plea Hearing on May 9, 2025. The specific time for the hearing will be established in the resetting text order.

ENTERED THIS 6th day of March, 2025.

*/s/ Christy Comstock*
HONORABLE CHRISTY COMSTOCK
CHIEF UNITED STATES MAGISTRATE JUDGE