IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 5:24-CR-50061-004 |
| | ) | |
| MARQUESHA YOUNG | ) | |

## MOTION TO REVOKE PRE-TRIAL RELEASE

Comes now the United States of America, by and through David A. Harris, Assistant United States Attorney, for its Motion to Revoke, states:

1. On March 4, 2025, the defendant was arrested on a federal warrant. The Indictment was unsealed at her arraignment hearing on March 6, 2025, charging the defendant in two counts of an eleven-count Indictment. In Count One of the Indictment, the defendant was charged with four other individuals with conspiracy to distribute methamphetamine. In Count Eleven of the Indictment the defendant was charged with one other individual with possessing marijuana with intent to distribute. The United States moved for pre-trial detention.

2. On March 10, 2025, a detention hearing was held whereby the United States presented the testimony of Fayetteville Police Officer Parrish Diaz.[1] In his testimony, Officer Diaz outlined the nature and circumstances of the offense. In summary, Diaz testified that an investigation was initiated into the leader of a local drug trafficking organization, Antwaine Jackson, for the distribution of methamphetamine. Through the course of the investigation, the local drug task force conducted seven separate controlled purchases of methamphetamine from Jackson. On

1

August 23, 2024, detectives received information that Jackson would be receiving a large supply of methamphetamine that very day. Diaz testified that the defendant, Marquesha Young, was observed as the passenger in a Jeep Compass driven by Shawn Williams, which parked at Jackson's residence. Young exited the vehicle with a backpack and entered Jackson's vehicle momentarily. Realizing Young had just supplied Jackson, investigators moved in to make arrests, at which point Williams and Young fled the scene in the Jeep Compass and ultimately crashed the vehicle. According to the testimony, Williams and Young extricated themselves from the vehicle and fled on foot. Young was apprehended and the aforementioned backpack was located nearby with $5,762 in U.S. currency and a large amount of marijuana. A search of Jackson's vehicle revealed approximately four pounds of methamphetamine.

3. The Court also heard testimony from the defendant's mother. At the conclusion of the hearing, the Court noted the presumption of detention and the serious nature of the offense, as well as the significant evidence against the defendant. The Court commented as to the element of danger with large amounts of methamphetamine. At the end of the day, the Court found on balance that strict conditions could be imposed on the defendant which would mitigate the danger to the community. As such, the Court ordered the defendant be released pending trial in this matter. However, the Court was very clear that any violation of release would be taken seriously.

4. The order setting conditions of release was signed by the defendant on March 10, 2025. (Doc. 68). In that signed order, the defendant acknowledged paragraph 7(m) and (t), which prohibit the use of controlled substances, including marijuana. Notably, one of the crimes for which

---

1 Counsel does not have a transcript of the detention hearing and is relying on memory and notes.

the defendant was charged involved the trafficking of marijuana.

5. On June 20, 2025, a Petition for Action on Conditions of Pretrial Release was filed with the Court. (Doc. 81).  The petition alleged the following:

- On April 25, 2025, the defendant submitted a urine specimen which tested positive for marijuana.

- On May 7, 2025, the defendant submitted a urine specimen which tested positive for marijuana.

- On May 13, 2025, the defendant submitted a urine specimen which tested positive for marijuana.

- On May 21, 2025, the defendant admitted to using marijuana on or about April 4, 2025, but did not admit to using on any other dates.  However, an interpretation from Abbot Toxicology confirmed the defendant did in fact use marijuana prior to each urine sample on May 7, 2025, and May 13, 2025.

6. The defendant's trial date in this matter is set for September 2, 2025, and the District Court made clear in the latest order granting a continuance that no further continuances would be granted.

7. A status hearing has been set on September 8, 2025, after the trial date, to address the aforementioned violations.

8. Due to the defendant's clear violations of this Court's order setting pre-trial conditions or release, the United States is seeking revocation pursuant to Title 18, United States Code, Section 3148(b).

9.     Further, the United States respectfully requests that the Court set a hearing at its earliest convenience on this matter.

                Respectfully submitted,

                David Clay Fowlkes
                United States Attorney

By: */s/ David A. Harris*
                David A. Harris
                Assistant U.S. Attorney
                Arkansas Bar No. 2003104
                414 Parker Avenue
                Fort Smith, Arkansas 72901
                (479) 783-5125

**CERTIFICATE OF SERVICE**

I, David Harris, Assistant U.S. Attorney for the Western District of Arkansas, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Ken Osborne, attorney for the Defendant.

/s/ David A. Harris
David A. Harris
Assistant U.S. Attorney